Wilde J.
_ delivered the opinion of the Court. As the trastee admits that long previous to the service of the plaintiff’s writ upon him, divers notes were deposited in his hands as security to indemnify him against certain liabilities, it is incumbent upon him to show clearly that he has been damnified to the amount of the notes ; or that the principal has bon i fide discharged him from his liability to account for them ; and if this is left doubtful, he must be charged, for no presumption is to be made in his favor.[1]
It is admitted that the first contract, under which the notes were deposited, was bond fide and valid, and so it clearly appears to have been by the facts as disclosed by the trustee He must be allowed therefore for all payments made or liabilities incurred by virtue of that contract; for the subsequent agreement, although fraudulent as against creditors, did not vitiate the first contract. The trustee therefore is to be charged with the whole amount of the notes against Gunn (1000 dollars and interest), deducting the following payments and liabilities, viz. 1. the sum of 160 dollars paid to Emily Severance ; 2. the sum of 64 dollars paid to Hannah Martindale, and also the sum of 184 dollars secured to her by note. As to any future liabilities of the trustee to H Martindale, the value of the annuity of 42 dollars may be computed in ready money, having regard to the age of the annuitant ; or if the parties and all concerned agree, the plaintiff may relieve the trustee from his future liability in this particular. 3. The trustee is also to be allowed the sum of 200 dollars, which, as he states, he paid to the principal, being about the amount of one of the notes deposited. 4. We think also that the trustee should be allowed the sum of 37 dollars paid to Uriah Martindale and other creditors ; for although this payment was not made * under the first contract, yet it was made bond fide, and in satisfaction of just demands against the principal ; it ought therefore to be deducted from the funds of the principal in the hands of the *480 trustee.[2] These deductions being made from the amount of the notes against Gunn, the trustee must be charged with the surplus ; for it is very clear that the discharge given him in 1822 was void as against creditors, and that his other claims on the trust fund cannot upon any principle be supported. The sums of 184 dollars and 160 dollars were paid for the land in Pennsylvania conveyed by Peck ; and the note for 72 dollars was without consideration, and was therefore rightly given up. The note for 40 dollars also, given by the trustee on the settlement in 1822, was without good consideration, or rather the consideration has failed, as the creditors of the principal see fit to set aside that settlement.
As to the land in Pennsylvania, the trustee cannot be charged upon the facts disclosed. It does not appear that the present value of the land exceeds the sum paid for it by the trustee ; and it cannot be presumed ; but if it could, he trustee would not be liable in this process. [1]

Trustee charged.

 See Harris v. Aiken, 3 Pick. (2nd ed.) 4, note 1; Kelly v. Bowman, 12 Pick. 383; Gordon v. Coolidge, 1 Sumner, 537.

 See Lamb v. Stone, 11 Pick. 533; Boston Type &c. Co. v. Mortimer, Pick. 166; Andrews v. Ludlow, 5 Pick. 32.

 See Bissell v. Strong, 9 Pick. 564, 565; Dickinson v. Strong, 4 Pick (2nd ed.) 58, note 1; Webb v. Peele, 7 Pick. 247; Gore v. Clisby, 8 Pick 555; Risley v. Wells, 5 Connect. R 431